**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| MANDY MITLYNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action : 0:16-cv-03492 (DSD/SER) |
| v. | ) | |
| | ) | **DEFENDANT BAYER** |
| BAYER HEALTHCARE | ) | **HEALTHCARE** |
| PHARMACEUTICALS INC., | ) | **PHARMACEUTICALS INC.'S** |
| BAYER PHARMA AG, AND | ) | **ANSWER TO PLAINTIFF'S** |
| BAYER OY, | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint (the "Complaint"). BHCP specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer. BHCP states that it is answering Plaintiff's allegations only on behalf of itself, even where Plaintiff's allegations refer to alleged conduct by other entities. BHCP presumes that the "Introduction" and all captions, titles, headings, and footnotes in Plaintiffs' Complaint are intended to be non-substantive and do not require specific responses; however, to the extent that they are intended to be substantive allegations, BHCP hereby denies all such assertions.

**FIRST RESPONSE TO "PARTIES"**

1.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.    BHCP admits that it is a Delaware corporation with its principal place of business located at 100 Bayer Boulevard, Whippany, New Jersey 07981. BHCP admits that Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113 is its registered agent for service of process in Minnesota.

27656555.1
7856356 v1

3.      The allegations in Paragraph 3 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

4.      The allegations in Paragraph 4 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

5.      The allegations in Paragraph 5 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

6.      . BHCP denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

8.      The allegations in Paragraph 8 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

9.      The allegations in Paragraph 9 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

10.     The allegations in Paragraph 10 of the Complaint are directed at a defendant other than BHCP, and, therefore, no response is required.

11.     BHCP admits that Bayer HealthCare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc.

12.     The allegations contained in Paragraph 12 are denied as stated.  BHCP admits that Bayer HealthCare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc.

13.     BHCP admits that it is the holder of the approved "NDA" for the contraceptive system Mirena®.

27656555.1

14.     BHCP admits that, at certain times not specifically set forth in the Complaint, it designed, advertised, promoted, marketed, sold, and distributed Mirena® as an intrauterine contraceptive system ("IUS").  Due to the vagueness, ambiguity and potential redundancy of any remaining allegations in Paragraph 14, BHCP is without knowledge or information sufficient to form a belief as to the truth of those.

15.     BHCP admits that, at certain times not specifically set forth in the Complaint, it sold Mirena® in the United States, including Minnesota.  BHCP denies the remaining allegations in Paragraph 15.

16.     BHCP admits that, at certain times not specifically set forth in the Complaint, it designed, developed, marketed, distributed, and/or sold Mirena® in the United States.  Due to the vagueness, ambiguity and potential redundancy of any remaining allegations in Paragraph 16, BHCP is without knowledge or information sufficient to form a belief as to the truth of those. BHCP denies the remaining allegations in Paragraph 16.

### FIRST RESPONSE TO "JURISDICTION AND VENUE"

17.     Paragraph 17 contains legal conclusions to which no response is required.

18.     Paragraph 18 contains legal conclusions to which no response is required.  .

19.      Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

### FIRST RESPONSE TO "FACTS"

20.     This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 19 of the Complaint.

21.     BHCP admits that Mirena® is an IUS made of soft, flexible plastic, which is put in place by a healthcare provider during an office visit.  BHCP also admits that Mirena® contains

27656555.1

3

52 mg of levonorgestrel, which is released at a rate of approximately 20 mcg/day. This rate decreases progressively to half that value after 5 years.

22.    BHCP admits that the FDA approved Berlex Laboratories, Inc.'s new drug application in December 2000.

23.    BHCP admits that in 2009 the FDA approved Mirena® as a treatment indicated for heavy menstrual bleeding.

24.    BHCP admits that Mirena® has been chosen by more than 15 million women worldwide, 2 million in the United States.  BHCP denies any remaining allegations in Paragraph 24 of the Complaint.

25.    BHCP admits that Mirena® is a levonorgestrel-releasing intrauterine contraceptive that delivers small amounts of hormone directly into the uterus.

26.    BHCP answers that, to the extent Paragraph 26 of the Complaint purports to quote from the FDA-approved Patient Information Booklet, that document speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language and content of the document, BHCP denies those allegations.

27.    BHCP admits that the allegations in Paragraph 27 purport to summarize from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

28.    BHCP admits that the allegations in Paragraph 28 purport to summarize from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

27656555.1

29.    BHCP admits that the allegations in Paragraph 29 purport to summarize from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

30.    BHCP admits that the allegations in Paragraph 30 purport to summarize from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

31.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.    BHCP admits that the allegations in Paragraph 32 purport to summarize or interpret from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

33.    Paragraph 33 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies the allegations of Paragraph 33 as written. To the extent the allegations in Paragraph 33 purport to summarize from the FDA-approved Physician Prescribing Information, that document, being in writing, speaks for itself.  To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

34.    Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP admits that the allegations in Paragraph 34 purport to summarize from the FDA-approved Physician Prescribing Information, which document,

27656555.1

5

being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

35. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. BHCP admits the allegations in Paragraph 38 of the Complaint.

39. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.    BHCP admits the allegations in Paragraph 46 of the Complaint.

47.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53.    BHCP admits that the allegations in Paragraph 53 purport to summarize from an article, which document, being in writing, speaks for itself.  To the extent a response is deemed necessary, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint.

54.    To the extent the allegations in Paragraph 54 apply to Mirena®, BCHP denies.  To the extent the allegations in Paragraph 54 apply to a product other than Mirena®, BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.    To the extent the allegations in Paragraph 55 apply to Mirena®, BCHP denies.  To the extent the allegations in Paragraph 55 apply to a product other than Mirena®, BHCP is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.   BHCP denies the allegations in Paragraph 56 of the Complaint.

57.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint.

66.   BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

27656555.1

67. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies the allegations of Paragraph 69 as written. To the extent the allegations in Paragraph 69 purport to summarize from the FDA-approved Physician Prescribing Information, that document, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP admits that the allegations in Paragraph 70 purport to summarize from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

71. BHCP denies the allegations in Paragraph 71 of the Complaint.

72. The allegations contained in Paragraph 72 are denied as stated. BHCP admits that in December 2009, BHCP received a letter from the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications ("DDMAC"). BHCP further admits that the remaining allegations in Paragraph 72 purport to summarize from the DDMAC letter, which document, being in writing, speaks for itself. To the extent Plaintiff's allegations are inconsistent with the actual language or content of the referenced document, BHCP denies those allegations.

27656555.1

9

73. The allegations contained in Paragraph 73 are denied as stated. BHCP admits that in December 2009, BHCP received a letter from the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications ("DDMAC"). BHCP further admits that the allegations in Paragraph 73 purport to summarize from the DDMAC letter and/or from the Simple Style Program script, which documents, being in writing, speak for themselves. To the extent Plaintiff's allegations are inconsistent with the actual language or content of the referenced documents, BHCP denies those allegations.

74. The allegations contained in Paragraph 74 are denied as stated. BHCP admits that in December 2009, BHCP received a letter from the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications ("DDMAC"). BHCP further admits that the allegations in Paragraph 74 purport to summarize from the DDMAC letter and/or from the Simple Style Program script, which documents, being in writing, speak for themselves. To the extent Plaintiff's allegations are inconsistent with the actual language or content of the referenced documents, BHCP denies those allegations.

75. The allegations contained in Paragraph 75 are denied as stated. BHCP admits that in December 2009, BHCP received a letter from the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications ("DDMAC"). BHCP further admits that the allegations in Paragraph 75 purport to summarize from the DDMAC letter and/or from the Simple Style Program script, which documents, being in writing, speak for themselves. To the extent Plaintiff's allegations are inconsistent with the actual language or content of the referenced documents, BHCP denies those allegations.

76. The allegations contained in Paragraph 76 are denied as stated. BHCP admits that in December 2009, BHCP received a letter from the Department of Health and Human

27656555.1

Services' Division of Drug Marketing, Advertising, and Communications ("DDMAC"). BHCP further admits that the allegations in Paragraph 76 purport to summarize from the DDMAC letter and/or from the Simple Style Program script, which documents, being in writing, speaks for themselves. To the extent Plaintiff's allegations are inconsistent with the actual language or content of the referenced documents, BHCP denies those allegations. Further, BHCP denies making any false representations with regard to Mirena®.

### FIRST RESPONSE TO "PLAINTIFF MANDY MITLYNG DEVELOPED PTC/IH AFTER USE OF DEFENDANT'S MIRENA"

77. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

80. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

83. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies

27656555.1

85.    Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

## FIRST RESPONSE TO "COUNT I NEGLIGENCE (DESIGN DEFECT)"

86.    This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 85 of the Complaint.

87.    BHCP admits that, at certain times not specifically set forth in the Complaint, it sold Mirena® in the United States, including Minnesota.  BHCP denies the remaining allegations in Paragraph 87.

88.    BHCP admits that, at certain times not specifically set forth in the Complaint, it designed, developed, promoted, marketed, distributed, and/or sold Mirena®.  Due to the vagueness, ambiguity and potential redundancy of any remaining allegations in Paragraph 88, BHCP is without knowledge or information sufficient to form a belief as to the truth of those.

89.    Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

90.    Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

91.    Paragraph 91 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

92.    Paragraph 92 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

93.    Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

27656555.1

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

97.     Paragraph 97 (and its subparts) contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

98.     Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

99.     Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

100.    Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

101.    Paragraph 101 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

102.    Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP admits that the allegations in Paragraph 102 purport to summarize from the FDA-approved Physician Prescribing Information, which document, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations. BHCP denies any additional allegations in Paragraph 102.

27656555.1

13

103.  Paragraph 103 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

104.  BHCP denies Plaintiff is entitled to the relief sought in Paragraph 104.

### FIRST RESPONSE TO "COUNT II FAILURE TO WARN"

105.  This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 104 of the Complaint.

106.  Paragraph 106 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

107.  Paragraph 107 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

108.  Paragraph 108 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

109.  Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

110.  Paragraph 110 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

111.  Paragraph 111 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

112.  Paragraph 112 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

113.  Paragraph 113 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

118.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

121.    Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies. BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff did not have the same knowledge as Defendants."

122.    Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

123.    Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

27656555.1

124.   Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

125.   Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

126.   BHCP denies Plaintiff is entitled to the relief sought in Paragraph 126.

## FIRST RESPONSE TO "COUNT III STRICT LIABILITY"

127.   This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 126 of the Complaint.

128.   Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

129.   BHCP admits that, at certain times not specifically set forth in the Complaint, it designed, developed, marketed, distributed, and/or sold Mirena®.  Due to the vagueness, ambiguity and potential redundancy of any remaining allegations in Paragraph 129, BHCP is without knowledge or information sufficient to form a belief as to the truth of those.

130.   Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

131.   Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

132.   Paragraph 132 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

133.   Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

134. Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

135. Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

136. Paragraph 136 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

137. Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

138. Paragraph 138 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

139. Paragraph 139 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

140. Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

141. Paragraph 141 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

142. Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

143. Paragraph 143 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

144. Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

27656555.1

17

145.    Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

147.    Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

149.    BHCP denies Plaintiff is entitled to the relief sought in Paragraph 149.

**FIRST RESPONSE TO "COUNT IV BREACH OF IMPLIED WARRANTY"**

150.    This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 149 of the Complaint.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

152.    Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

153.    Paragraph 153 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

154.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint.

155.    Paragraph 155 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

156.   Paragraph 156 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

157.   Paragraph 157 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

158.   Paragraph 158 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

159.   Paragraph 159 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

160.   BHCP denies Plaintiff is entitled to the relief sought in Paragraph 160.

**FIRST RESPONSE TO "COUNT V BREACH OF EXPRESS WARRANTY"**

161.   This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 160 of the Complaint.

162.   Paragraph 162 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

163.   Paragraph 163 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

164.   Paragraph 164 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

165.   BHCP denies Plaintiff is entitled to the relief sought in Paragraph 165.

**FIRST RESPONSE TO "COUNT VI NEGLIGENT MISREPRESENTATION"**

166.   This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 165 of the Complaint.

167. Paragraph 167 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

168. Paragraph 168 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

170. Paragraph 170 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

171. Paragraph 171 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

172. Paragraph 172 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

173. Paragraph 173 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

174. Paragraph 174 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

175. BHCP denies Plaintiff is entitled to the relief sought in Paragraph 175.

**FIRST RESPONSE TO "COUNT VII FRAUDULET MISREPRESENTATION"**

176. This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 175 of the Complaint.

177. Paragraph 177 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

27656555.1

20

178.   Paragraph 178 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

179.   Paragraph 179 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

180.   Paragraph 180 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

181.   Paragraph 181 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

182.   Paragraph 182 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

183.   Paragraph 183 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

184.   Paragraph 184 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

185.   Paragraph 185 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

186.   Paragraph 186 contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, BHCP denies.

187.   BHCP denies Plaintiff is entitled to the relief sought in Paragraph 187.

**FIRST RESPONSE TO**
**"COUNT VIII FRAUD BY SUPPRESSION AND CONCEALMENT"**

188.   This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 187 of the Complaint.

27656555.1

189.   Paragraph 189 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

190.   Paragraph 190 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

191.   Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

192.   Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

193.   Paragraph 193 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

194.   Paragraph 194 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

195.   Paragraph 195 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

196.   Paragraph 196 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

197.   Paragraph 197 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

198.   BHCP denies Plaintiff is entitled to the relief sought in Paragraph 198.

**FIRST RESPONSE TO
"COUNT IX UNJUST ENRICHMENT"**

199.   This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 198 of the Complaint.

27656555.1

22

200. BHCP denies the allegations in Paragraph 200 of the Complaint as written. BHCP admits that, at certain times not specifically set forth in the Complaint, it sold Mirena® in the United States. BHCP denies the remaining allegations in Paragraph 200.

201. Paragraph 201 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

## FIRST RESPONSE TO
## "COUNT X VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT"

202. This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 201 of the Complaint.

203. To the extent the allegations in Paragraph 203 purport to quote from the Minnesota False Advertising Act, that act, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the act, BHCP denies those allegations.

204. Paragraph 204 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

205. BHCP admits that, at certain times not specifically set forth in the Complaint, it advertised and promoted Mirena® in the United States, including Minnesota. BHCP denies the remaining allegations in Paragraph 205.

206. BHCP denies the allegations in Paragraph 206 of the Complaint.

207. BHCP denies the allegations in Paragraph 207 of the Complaint.

208. Paragraph 208 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

209. Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies. BHCP also denies Plaintiff is entitled

27656555.1

23

to the relief sought in the unnumbered "Wherefore" paragraph immediately following Paragraph 209.

**FIRST RESPONSE TO**
**"COUNT XI VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT"**

210. This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 209 of the Complaint.

211. To the extent the allegations in Paragraph 211 purport to quote from the Minnesota Unlawful Trade Practices Act, that act, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the act, BHCP denies those allegations.

212. Paragraph 212 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

213. Paragraph 213 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

214. Paragraph 214 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies the allegations of Paragraph 214 as written. To the extent the allegations in Paragraph 214 purport to summarize from the FDA-approved Physician Prescribing Information, that document, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the document, BHCP denies those allegations.

215. Paragraph 215 (and its subparts) contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

216. BHCP denies the allegations in Paragraph 216 of the Complaint.

27656555.1

24

217.    Paragraph 217 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

218.    Paragraph 218 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

219.    Paragraph 219 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies. BHCP also denies Plaintiff is entitled to the relief sought in the unnumbered "Wherefore" paragraph immediately following Paragraph 219.

**FIRST RESPONSE TO**
**"COUNT XII VIOLATION OF THE MINNESOTA DECEPETIVE TRADE PRACTICES ACT"**

220.    This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 219 of the Complaint.

221.    To the extent the allegations in Paragraph 221 purport to summarize from the Minnesota Deceptive Trade Practices Act, that act, being in writing, speaks for itself. To the extent that Plaintiff's allegations are inconsistent with the actual language or content of the act, BHCP denies those allegations.

222.    Paragraph 222 (and its subparts) contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

223.    Paragraph 223 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies. BHCP also denies Plaintiff is entitled to the relief sought in the unnumbered "Wherefore" paragraph immediately following Paragraph 223.

27656555.1

**FIRST RESPONSE TO**
**"COUNT XIII VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER**
**FRAUD ACT"**

224.    This paragraph requires no response, and BHCP incorporates herein all of its responses to Paragraphs 1 through 223 of the Complaint.

225.    Paragraph 225 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

226.    Paragraph 226 (and its subparts) contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

227.    Paragraph 227 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

228.    Paragraph 228 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

229.    Paragraph 229 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

230.    Paragraph 230 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

231.    BHCP is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Complaint.

232.    Paragraph 232 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

233.    Paragraph 233 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

234.    BHCP denies the allegations in Paragraph 234 of the Complaint.

235. Paragraph 235 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies.

236. Paragraph 236 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, BHCP denies. BHCP also denies Plaintiff is entitled to the relief sought in the unnumbered "Wherefore" paragraph immediately following Paragraph 236.

## FIRST RESPONSE TO "PRAYER FOR RELIEF"

BHCP denies Plaintiff is entitled to the relief sought in the unnumbered "Wherefore" paragraph (and its subparts) immediately following Paragraph 236.

## AFFIRMATIVE/SEPARATE DEFENSES

237. Discovery and investigation may reveal that one or more of the following additional defenses should be available to defendant. Bayer HealthCare Pharmaceuticals Inc. accordingly reserves the right to assert these separate and additional defenses. Upon completion of discovery, if the facts warrant, Bayer HealthCare Pharmaceuticals Inc. may withdraw any of these additional defenses as may be appropriate. Bayer HealthCare Pharmaceuticals Inc. further reserves the right to amend its Answer and defenses to assert additional defenses and other claims, as discovery proceeds. Further answering, and by way of additional defense, Bayer HealthCare Pharmaceuticals Inc. states as follows:

## FIRST SEPARATE DEFENSE TO ALL COUNTS

238. Plaintiff's Complaint and each and every count contained therein fail to state a cause of action or claim on which relief can be granted.

## SECOND SEPARATE DEFENSE TO ALL COUNTS

239.   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## THIRD SEPARATE DEFENSE TO ALL COUNTS

240.   Plaintiff's claims are barred in whole or in part by laches, waiver, and/or estoppel.

## FOURTH SEPARATE DEFENSE TO ALL COUNTS

241.   Plaintiff's Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

## FIFTH SEPARATE DEFENSE TO ALL COUNTS

242.   To the extent applicable to the facts and circumstances of this case, Plaintiff is not a real party in interest and lack capacity and/or standing to bring the claims asserted in the Complaint.

## SIXTH SEPARATE DEFENSE TO ALL COUNTS

243.   If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.   Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

## SEVENTH SEPARATE DEFENSE TO ALL COUNTS

244.   The alleged damages and injuries, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including BHCP.

## EIGHTH SEPARATE DEFENSE TO ALL COUNTS

245.   Plaintiff did not suffer any actual injury, loss, or damages because of the alleged use of Mirena®.

27656555.1

28

## NINTH SEPARATE DEFENSE TO ALL COUNTS

246.    The injuries and damages sustained by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and no act or omission on the part of BHCP was a proximate or competent producing cause of such alleged injuries or damages.

## TENTH SEPARATE DEFENSE TO ALL COUNTS

247.    The injuries and damages sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

## ELEVENTH SEPARATE DEFENSE TO ALL COUNTS

248.    The acts and omissions of Plaintiff and/or other persons or entities, over whom BHCP had no supervision or control and for whose actions and omissions BHCP has no legal responsibility, caused or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be reduced and/or apportioned in accordance with applicable law.

## TWELFTH SEPARATE DEFENSE TO ALL COUNTS

249.    Plaintiff's claims are barred pursuant to the Restatement (Second) of Torts, section 402A, comment k.

## THIRTEENTH SEPARATE DEFENSE TO ALL COUNTS

250.    Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.  To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Minnesota law, or any other applicable law.

27656555.1

## FOURTEENTH SEPARATE DEFENSE TO ALL COUNTS

251. Plaintiff's claims are barred because Mirena® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying Mirena® at the time of the occurrence or injuries alleged by Plaintiff is legally adequate warnings and instructions.

## FIFTEENTH SEPARATE DEFENSE TO ALL COUNTS

252. To the extent applicable under governing law, Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

## SIXTEENTH SEPARATE DEFENSE TO ALL COUNTS

253. BHCP did not sell or distribute Mirena® to Plaintiff, and Plaintiff did not receive or rely on any representations or warranties as alleged in the Complaint. Plaintiff's claims for breach of warranty are barred by lack of privity between Plaintiff on one hand and BHCP on the other.

## SEVENTEENTH SEPARATE DEFENSE TO ALL COUNTS

254. Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Mirena®.

## EIGHTEENTH SEPARATE DEFENSE TO ALL COUNTS

255. Plaintiff's claims of breach of warranty are barred by the applicable provisions of Minnesota law or other applicable law.

## NINTEENTH SEPARATE DEFENSE TO ALL COUNTS

256. Plaintiff's Complaint fails to state a claim upon which relief can be granted against BHCP in that the methods, standards, and techniques utilized with respect to the design,

27656555.1

manufacture, marketing and sale of the prescription contraceptive system Mirena®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the product was designed, manufactured, marketed and sold in a reasonable and prudent manner based upon available medical and scientific knowledge.

### TWENTIETH SEPARATE DEFENSE TO ALL COUNTS

257.    Mirena® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration.    Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, distribution, marketing, and sale of Mirena®, and that it was neither defective nor unreasonably dangerous.

### TWENTY-FIRST SEPARATE DEFENSE TO ALL COUNTS

258.    If Plaintiff sustained the injuries or incurred the expenses as alleged in the Complaint, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of Mirena®. Plaintiff's recovery accordingly is barred.

### TWENTY-SECOND SEPARATE DEFENSE TO ALL COUNTS

259.    Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal government's regulation of the manufacturing, testing, marketing, sale, and labeling of prescription drugs.

27656555.1

31

## TWENTY-THIRD SEPARATE DEFENSE TO ALL COUNTS

260. Plaintiff's claims regarding warnings and labeling are barred by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

## TWENTY-FOURTH SEPARATE DEFENSE TO ALL COUNTS

261. Plaintiff cannot state a claim with regard to the warnings and labeling for prescription drugs because the remedy sought by Plaintiff is subject to the exclusive regulation of the United States Food and Drug Administration.

## TWENTY-FIFTH SEPARATE DEFENSE TO ALL COUNTS

262. This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

## TWENTY-SIXTH SEPARATE DEFENSE TO ALL COUNTS

263. Any claims by Plaintiff relating to alleged communications with governmental regulatory agencies are barred in whole or in part under applicable law, including the First and Fourteenth Amendment rights to petition the government.

## TWENTY-SEVENTH SEPARATE DEFENSE TO ALL COUNTS

264. Plaintiff's claims are barred in whole or in part because the commercial speech relating to Mirena® was not false or misleading and is protected under the First and Fourteenth Amendments to the United States Constitution and applicable state constitutional provisions.

## TWENTY-EIGHTH SEPARATE DEFENSE TO ALL COUNTS

265. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages.

27656555.1

### TWENTY-NINTH SEPARATE DEFENSE TO ALL COUNTS

266.   Plaintiff's claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

### THIRTIETH SEPARATE DEFENSE TO ALL COUNTS

267.   Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.  To the extent Plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### THIRTY-FIRST SEPARATE DEFENSE TO ALL COUNTS

268.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.  Pursuant to the common law right to credits, reductions and setoffs and other applicable law, any settlement reached between Plaintiff and a named defendant in this action shall reduce the amount of Plaintiff's recovery by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

### THIRTY-SECOND SEPARATE DEFENSE TO ALL COUNTS

269.   Plaintiff's Complaint fails to state a claim on which relief can be granted as to costs and disbursements, attorney fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, unjust enrichment, disgorgement, restitution, or treble damages.

27656555.1

## THIRTY-THIRD SEPARATE DEFENSE TO ALL COUNTS

270.    Recovery of medical or health care expenses, if any, by Plaintiff must be limited to the amount that is both reasonable and necessary and actually paid or incurred by or on behalf of the Plaintiff pursuant to Minnesota law.

## THIRTY-FOURTH SEPARATE DEFENSE TO ALL COUNTS

271.    Plaintiff's claims of injury and claims for damages are speculative.

## THIRTY-FIFTH SEPARATE DEFENSE TO ALL COUNTS

272.    Plaintiff's Complaint fails to state a claim on which relief can be granted for joint and several liability.

## THIRTY-SIXTH SEPARATE DEFENSE TO ALL COUNTS

273.    BHCP preserves all defenses relating to personal jurisdiction and venue, including forum non conveniens.

## THIRTY-SEVENTH SEPARATE DEFENSE TO ALL COUNTS

274.    BHCP adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with BHCP's defenses pleaded in this Answer.

## THIRTY-EIGHTH SEPARATE DEFENSE TO ALL COUNTS

275.    BHCP has disclaimed any alleged express or implied warranties.

## THIRTY-NINTH SEPARATE DEFENSE TO ALL COUNTS

276.    To the extent that any party or non-party is found to have fault for Plaintiff's alleged injuries, Plaintiff's damages should be apportioned in accordance with the comparative fault of all parties and non-parties at fault.

27656555.1

34

## FORTIETH SEPARATE DEFENSE TO ALL COUNTS

277.    Plaintiff's claims of product defect, if any, are or may be barred by Section 4 of the Restatement (Third) of Torts:  Product Liability, because Mirena® complied with applicable product safety statutes and administrative regulations.

## FORTY-FIRST SEPARATE DEFENSE TO ALL COUNTS

278.    Plaintiff's claims are barred by Sections 6(c) and (d) of the Restatement (Third) of Torts:  Products Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Mirena® would have prescribed and did prescribe the drug for classes of patients.  In addition, reasonable instructions or warnings were provided to prescribing physicians.

## FORTY-SECOND SEPARATE DEFENSE TO ALL COUNTS

279.    Plaintiff's claims are barred because the benefits of Mirena® outweigh the risks, if any, that might be associated with the product.

## FORTY-THIRD SEPARATE DEFENSE TO ALL COUNTS

280.    Plaintiff's alleged injuries and damages, if any, were the result of an idiosyncratic or allergic reaction, which BHCP could not reasonably foresee.

## FORTY-FOURTH SEPARATE DEFENSE TO ALL COUNTS

281.    Whatever damages may have been sustained at the time and place alleged in Plaintiff's Complaint was caused, in whole or in part, by the culpable conduct of Plaintiff and without any negligence on the part of BHCP.  Damages, if any, are to be diminished proportionally to the culpable conduct of Plaintiff.

## FORTY-FIFTH SEPARATE DEFENSE TO ALL COUNTS

282.    Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

## FORTY-SIXTH SEPARATE DEFENSE TO ALL COUNTS

283.    BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

## FORTY-SEVENTH SEPARATE DEFENSE TO ALL COUNTS

284.    Plaintiff's claims are barred, in whole or in part, by Minnesota law, and BHCP is entitled to and does assert all defenses and presumptions available under Minnesota law.

## FORTY-EIGHTH SEPARATE DEFENSE TO ALL COUNTS

285.    Minnesota law, or the applicable state law, does not recognize a post-sale duty to warn in the present circumstances. Accordingly, Plaintiff's Complaint fails to state a claim against BHCP upon which relief can be granted for inadequate post-sale marketing or post-sale duty to warn.

## FORTY-NINTH SEPARATE DEFENSE TO COUNTS ASSERTING FRAUD

286.    Plaintiff has failed to allege fraud and misrepresentation with sufficient particularity as required under Fed. R. Civ. P. 9(b).

## FIFTIETH SEPARATE DEFENSE TO ALL COUNTS

287.    BHCP reserves the right to amend its answer and separate and affirmative defenses to conform to such facts as may be revealed in discovery or otherwise.

27656555.1

36

## DEMAND FOR JURY TRIAL

288.    BHCP specifically requests and demands a trial by jury on all facts and issues in this action, made up of the maximum allowable number of jurors.

**WHEREFORE**, Bayer HealthCare Pharmaceuticals Inc. denies any and all liability with regard to Plaintiff's claims, and respectfully requests that Plaintiff's claims against it be dismissed with prejudice and that Bayer HealthCare Pharmaceuticals Inc. be awarded such general, further relief as justice may require.

Dated: November 4, 2016                    Respectfully submitted,

*s/Ronn B. Kreps*
Ronn B. Kreps (#0151142)
ronn.kreps@nortonrosefulbright.com
Andre Hanson (#0258234)
andre.hanson@nortonrosefulbright.com
Norton Rose Fulbright US LLP
3100 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 321-2800
Fax: (612) 321-2288

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc.*

27656555.1